**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-6677**

―――――――――

LARRY MICHAEL SLUSSER,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Donald C. Coggins, Jr., District Judge.  (0:21-cv-02431-DCC)

―――――――――

Submitted:  January 21, 2025                      Decided:  February 18, 2025

―――――――――

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Larry Michael Slusser, Appellant Pro Se. Johanna Valenzuela, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Michael Slusser, a former federal prisoner, appeals the district court's order accepting the magistrate judge's recommendation and awarding summary judgment to the United States on Slusser's negligence claim brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. On appeal, Slusser contends that the district court erred in awarding summary judgment to the United States for two reasons: (1) the district court's decision was premature because the United States did not provide Slusser with requested discovery, and (2) a genuine issue of material fact existed as to his negligence claim. Because we conclude that Slusser is entitled to relief on his first contention, we vacate the district court's summary judgment order and remand for further proceedings.

I.

Slusser filed a pro se amended complaint against the United States alleging a negligence claim under the FTCA after he allegedly slipped on a puddle of water and fell while incarcerated in the Federal Correctional Institution in Edgefield, South Carolina. Slusser broke his right wrist as a result of the fall and underwent surgery. The amended complaint alleged that a correctional officer on duty in Slusser's unit knew or should have known about the puddle of water and faulted the officer for neither posting "Wet Floor" signs near the puddle nor taking steps to have the puddle mopped up. After Slusser filed this action, the magistrate judge entered a Scheduling Order setting deadlines for discovery.

The United States moved to dismiss the amended complaint and to stay discovery pending the resolution of its motion to dismiss. On the subject of discovery, the United States explained that—in December 2021—Slusser had requested the production of any

2

video recording of the fall, logbooks for Slusser's unit on the day of the fall, and all emails between Slusser and prison staff from the date of the fall through the following month.[*] The magistrate judge granted the motion to stay discovery but later recommended denying the motion to dismiss. The district court adopted the magistrate judge's recommendation and denied the motion to dismiss. The discovery stay terminated at that point.

The magistrate judge thereafter entered an Amended Scheduling Order requiring that discovery be completed no later than January 9, 2023, and that all discovery requests be served in time for any responses to be served by that date. On January 9, 2023, the district court received Slusser's "Motion for Discovery and Subpoena Duces Tecum," which was dated January 2, 2023, and sought the same discovery as requested in December 2021. Two days later, the magistrate judge denied the motion. On January 17, 2023, the district court received Slusser's "Motion to Compel All Discovery," which was dated January 12, 2023. Slusser explained that he received a January 9, 2023, letter from the Assistant United States Attorney returning his discovery requests because, in the attorney's view, they were not timely served. The magistrate judge denied the motion to compel and agreed with the United States that the discovery requests were not timely served.

The United States then moved for summary judgment on Slusser's negligence claim. In response, Slusser argued, among other things, that the motion was premature

---

[*] In its motion to stay discovery, the United States represented that no video recording of the fall exists because Federal Bureau of Prisons' policy did not require the retention of any video recording. But the United States did not submit an affidavit describing that policy or the policy itself. Nor did the United States offer an affidavit establishing that it had searched for the video recording and that it did not exist.

3

because the United States never responded to his discovery requests served in December 2021. The magistrate judge issued a report recommending that the United States' summary judgment motion be granted. Slusser objected to the magistrate judge's report and again insisted that the United States had to respond to his discovery requests served in December 2021. Slusser also filed an affidavit under Fed. R. Civ. P. 56(d), explaining why he needed the requested discovery and asking the district court to defer ruling on the summary judgment motion until that discovery was produced.

The district court entered an order overruling Slusser's objections, adopting the magistrate judge's recommendation, and awarding summary judgment to the United States. As relevant here, the district court rejected Slusser's Rule 56(d) request to defer action on the motion for summary judgment. The district court assumed that the requested discovery would create a genuine issue of material fact on Slusser's negligence claim but found that Slusser was not entitled to a deferral because he failed to explain why he did not timely serve his January 2023 discovery requests under the Amended Scheduling Order. Slusser timely appealed the district court's order.

## II.

### A.

On appeal, Slusser argues that the district court erred in denying his Rule 56(d) request to defer a ruling on the United States' summary judgment motion. "Under Rule 56(d), where a nonmovant shows by affidavit or declaration that 'for specified reasons, it cannot present facts essential to justify its opposition' to a motion for summary judgment, a district court may deny or defer consideration of the motion, allow time for the

4

nonmovant to take discovery before assessing the motion, or issue any other order it deems appropriate." *Jenkins v. Woodard*, 109 F.4th 242, 250 (4th Cir. 2024). "Rule 56(d) therefore permits a district court to extend the discovery period after a party moves for summary judgment where the court is aware that additional discovery is necessary." *Id.*

"Relief under Rule 56(d) is . . . broadly favored in this Circuit and should be liberally granted." *Id.* at 251 (internal quotation marks omitted). "This is especially true in the context of pro se litigation and when the movant exclusively controls evidence relevant to the nonmovant's opposition." *Id.* In assessing a Rule 56(d) request, a district court should consider whether the additional discovery sought would defeat the summary judgment motion, *Mey v. Philips*, 71 F.4th 203, 222-23 (4th Cir. 2023), and whether the party making the Rule 56(d) request was "dilatory in pursuing discovery," *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 246 (4th Cir. 2002).

We review for abuse of discretion the denial of a Rule 56(d) request to defer consideration of a summary judgment motion. *Jenkins*, 109 F.4th at 250. "A court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Hicks v. Ferreyra*, 64 F.4th 156, 171 (4th Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 555 (2024). A court also abuses its discretion "when it ignores unrebutted, legally significant evidence." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019) (internal quotation marks omitted).

5

B.

We agree with Slusser that the district court abused its discretion in denying his request under Rule 56(d). The district court assumed that the information Slusser sought in discovery and described in his Rule 56(d) affidavit would create a genuine issue of material fact as to Slusser's negligence claim. The district court nevertheless denied Slusser's Rule 56(d) request because Slusser failed to explain why he did not timely serve on the United States his January 2023 discovery requests. But the district court's analysis did not consider that Slusser served discovery requests on the United States in December 2021, before the magistrate judge stayed discovery pending resolution of the United States' motion to dismiss. After the district court resolved the motion to dismiss, the discovery stay terminated and Slusser's December 2021 discovery requests remained pending. The untimeliness of any later requests for the same discovery does not undermine that fact.

We thus conclude that the district court's denial of Slusser's Rule 56(d) request ignores unrebutted, legally significant evidence related to Slusser's pursuit of his discovery requests and constitutes an abuse of discretion. *See Siggers v. Campbell*, 652 F.3d 681, 695-98 (6th Cir. 2011) (holding that district court abused its discretion in denying plaintiff's request to defer consideration of summary judgment motion when plaintiff served discovery requests before discovery stay, and after stay was lifted, defendants failed to respond to discovery requests before court entered summary judgment); *Ingle ex rel. Est. of Ingle v. Yelton*, 439 F.3d 191, 196-97 (4th Cir. 2006) (concluding that district court abused its discretion in denying request to defer action on summary judgment motion when

6

evidence sought was "object of outstanding discovery" and court ignored request for that evidence in ruling on discovery motion filed before summary judgment motion).

III.

Accordingly, we vacate the district court's order awarding summary judgment to the United States and remand for further proceedings. *See Jenkins*, 109 F.4th at 251 (declining to consider "the district court's summary judgment decision on the merits" when the district court abused its discretion in refusing to grant a discovery extension under Rule 56(d)). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*VACATED AND REMANDED*